ADELAIDE BENDER

*v.*

JOHN H. DIALOGUE, JR., individually and as administrator of John H. Dialogue, deceased.

[Submitted June 4th, 1912. Determined July 23d, 1912.]

1. The irregularity of filing two pleas to the same part of a bill without leave of court, not being objected to, may be disregarded on hearing of their sufficiency.

2. Pleas in bar to a bill, basing complainant's rights solely on fraud, to set aside a release and for discovery, are insufficient as raising immaterial issues, they not denying the fraud, but, in terms, being filed only to the part of the bill which does not charge fraud, and not denying the bill's allegation of recent discovery of the fraud or statement of reason for failure to earlier discover it; the general denial of fraud in the answer not being available in support of the pleas on a hearing of their sufficiency.

3. When a bill sets up a release which would be operative as a legal bar to the relief or discovery sought, and seeks to set aside or avoid the effect of such a release by averments of fraud in its procurement or other matters in avoidance of the bar, a plea which seeks to sustain the release must affirmatively set forth such release so referred to in the bill and also deny the truth of that part of the bill which would, if true, be operative to avoid the legal bar. Such pleas are commonly classed as anomalous pleas, and must, as a rule, where fraud is charged and discovery is sought, be accompanied by an answer in their support specifically answering such averments of the bill as impute fraud and making such discovery as the bill may require. Such an answer forms no part of the defence, but is a discovery of that evidence which the complainant has a right to require, as complainant is privileged to use such answer as evidence at the argument of the sufficiency of the plea and also at the hearing to determine the truth of the plea.

---

*Mr. Lewis Starr,* for the complainant.

*Messrs. French & Richards,* for the defendant.

LEAMING, V. C.

The present hearing is to determine the sufficiency of two pleas which have been filed by defendant to complainant's bill.

The two pleas are filed to the same part of the bill without leave of court for that purpose. The established rules controlling pleas in equity not only forbid that practice, but require notice to an adversary before an order permitting two pleas to be filed to the same part of a bill will be made. See *1 Dan. Ch. Pl. & Pr. (6th Am. ed.)* *607, *617, and notes. But as no objection has been made to the pleas on the grounds stated, it may be proper to here disregard that irregularity.

The amended bill seeks to set aside a deed and bill of sale wherein and whereby complainant, for a consideration agreed upon, released to her brother her share of her father's estate. The sole ground upon which relief is sought is fraud practiced by defendant in the procurement of the release. No recovery is claimed or can be had under the amended bill as framed unless fraud, either actual or constructive, is established. By the averments of the amended bill it is asserted that the fraud was not discovered by complainant until shortly before the bill was filed, and that the failure of its earlier discovery was by reason of confidence reposed in defendant as a brother, and his fraudulent representations and concealment of the truth touching the estate, which estate was being administered by defendant at the time the release was made and the extent and value of which were alone known by defendant. The pleas are, by their terms, "pleas to the whole of the said amended bill, except so much thereof as charges this defendant with fraud." The accompanying answer is, by its terms, an answer to "so much of said amended bill as charges this defendant with fraud." One plea states, by way of bar, that complainant has allowed nine years to transpire without complaint, and defendant has, in consequence, assumed risks and indebtedness of the ancestor's estate and cannot now furnish "much of the information sought in said bill." The other plea states, by way of bar, that the conveyance was made by complainant to defendant at a time when the estate was unsettled and heavily encumbered and largely involved in litigation and its value uncertain, and that complainant made said sale and conveyance after full deliberation more than nine years before said bill was filed for a consideration believed by defendant at the time to be ade-

quate. The answer is to only so much of the bill as charges fraud and denies fraud generally.

It will be observed that the pleas do not deny the fraud charged by the bill, and are, by their terms, filed only to that part of the bill which does not charge fraud, and set forth the affirmative matter already referred to in bar. In testing the sufficiency of a plea all material averments of the bill which are not denied by the plea must be assumed to be true. *16 Cyc. 295.* As these pleas do not deny the fraud charged by the bill and do not deny its recent discovery or the statements of the bill touching the reason for the failure of complainant to earlier discover the fraud, these averments of the bill must, for present purposes, be deemed admitted. Under such admissions, the affirmative matters set forth in the plea by way of avoidance manifestly afford no bar to the bill.

The theory of counsel in filing the pleas appears to have been that the general denial of fraud in the answer can be utilized in support of the pleas at the argument touching their sufficiency; upon that theory it is now urged that the affirmative matter set forth in the pleas afford a bar to recovery in the absence of fraud. It is entirely clear, however, that at a hearing touching the sufficiency of a plea to a bill charging fraud the denial of fraud contained in an answer which may be filed in support of the plea cannot be considered as forming a part of or in any way aiding a plea which does not deny the fraud, and especially one which expressly states that it is not filed to that part of the bill which charges fraud. If defendant seeks, by means of a plea, to sustain the legal bar afforded by the release which complainant has executed, that can only be accomplished by a plea framed in accordance with the rules which have been long established and uniformly recognized in cases of that nature. These rules may be briefly stated as follows: When a bill sets up a decree, release, award or other matter which would be operative as a legal bar to the relief or discovery sought and seeks to set aside or avoid the effect of such decree, release or other bar by averments of fraud in its procurement or other matters in avoidance of the bar, a plea which seeks to sustain the decree, release or other bar must affirmatively set forth such decree, release or other bar

so referred to in the bill, and also deny the truth of that part of the bill which would, if true, be operative to avoid the legal bar. Such pleas are commonly classed as anomalous pleas, and must, as a rule, where fraud is charged and discovery is sought, be accompanied by an answer in their support specifically answering such averments of the bill as impute fraud and making such discovery as the bill may require. Such an answer forms no part of the defence, but is a discovery of that evidence which the complainant has a right to require, as complainant is privileged to use such answer as evidence at the argument of the sufficiency of the plea, and also at a hearing to determine the truth of the plea. The extent to which a prayer in the bill for an answer not under oath may be operative to excuse a discovery is a matter which need not be here considered. See *Story Eq. Pl. (10th ed.)* §§ *671, 685,* and notes; *Ibid.* §§ *796, 803; 16 Cyc. 291.*

As already stated, the pleas here in question are filed to only that part of the bill which does not charge fraud. While a plea in equity may be properly filed to a part of a bill, it can only be filed to a substantive part. All of the adjudicated cases necessarily proceed upon that assumption, for a plea can afford no bar to any part of the recovery sought unless it tenders a material issue. *Story Eq. Pl. (10th ed.)* § *661.* The rule, as stated in *16 Encycl. Pl. & Pr. 604,* is: "If an issue raised by a plea in equity is not a material one, the plea will be overruled." The pleas here in question disclaim a purpose to answer any part of the bill which imputes fraud to defendant and pleads in bar matters which cannot be regarded as material with all of the averments of the bill touching fraud accepted as true.

I will advise an order overruling the pleas.